IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

SECOND BITE FOODS, INC. d/b/a STONE GATE FOODS

                  Plaintiff,

   v.

DAILY HARVEST, INC.

                  Defendant.

Case No.: 23:cv-00569-ECT-DJF

**PLAINTIFF STONE GATE FOODS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

Plaintiff, Second Bite Foods, Inc. d/b/a Stone Gate Foods (hereinafter "Stone Gate Foods"), by and through its undersigned counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, answers Defendant's, Daily Harvest, Inc. (hereinafter "Daily Harvest"), Counterclaim as follows:

1. Stone Gate Foods incorporates by reference its statements made in its Complaint for Declaratory Judgment as if fully set forth herein.

2. The allegations in paragraph 2 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, Stone Gate Foods denies any Breach of Contract, Breach of Express Warranty and Breach of Implied Warranties.

3. Stone Gate Foods admits that claims and lawsuits alleging personal injuries resulting from Daily Harvest's "French Lentil + Leek Crumbles" have been served on Stone Gate Foods. Stone Gate Foods denies any remaining allegations in paragraph 3 of Daily Harvest's Counterclaim.

4. The allegations in paragraph 4 of Daily Harvest's Counterclaim are conclusions of

1

law to which no answer is required. To the extent an answer is deemed necessary, Stone Gate Foods admits that there is an actual controversy between the parties arising out of a contract, but Stone Gate Foods denies the remaining allegations in paragraph 4 of Daily Harvest's Counterclaim.

5.  The allegations in paragraph 5 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, Stone Gate Foods denies any allegations in paragraph 5 of Daily Harvest's Counterclaim.

6.  The allegations in paragraph 6 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required. To the extent an answer is deemed necessary, Stone Gate Foods denies any allegations in paragraph 6 of Daily Harvest's Counterclaim.

7.  Stone Gate Foods admits the allegations in paragraph 7 of Daily Harvest's Counterclaim.

8.  Stone Gate Foods admits that the First Amendment and Third Amendment to the Product Supply Agreement are attached to Daily Harvest's Counterclaim as Exhibit 2. Stone Gate Foods denies any remaining allegations in paragraph 8 of Daily Harvest's Counterclaim.

9.  Stone Gate Foods admits to agreeing to all terms of the Product Supply Agreement. The Product Supply Agreement is a document that speaks for itself. Stone Gate Foods denies the remaining allegation s in Paragraph of Daily Harvest's Counterclaim to the extent that they are inconsistent with the terms of the Product Supply Agreement.

10. Stone Gate Foods denies the allegations in paragraph 10 of Daily Harvest's Counterclaim.

11. Stone Gate Foods denies the allegations in paragraph 11 of Daily Harvest's Counterclaim.

284410822v.2

12. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Daily Harvest's Counterclaim.

13. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Daily Harvest's Counterclaim.

14. The allegations in paragraph 14 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required.

15. The allegations in paragraph 15 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required.

16. The allegations in paragraph 16 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required.

17. The allegations in paragraph 17 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required.

18. Stone Gate Foods denies the allegations in paragraph 18 of Daily Harvest's Counterclaim.

19. Stone Gate Foods denies the allegations in paragraph 19 of Daily Harvest's Counterclaim.

20. Stone Gate Foods admits Daily Harvest initiated a voluntary recall on June 17, 2022. Stone Gate Foods denies any remaining allegations in paragraph 20 of Daily Harvest's Counterclaim.

21. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Daily Harvest's Counterclaim.

22. Stone Gate Foods lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Daily Harvest's Counterclaim.

284410822v.2

23. Stone Gate Foods admits that claims and lawsuits alleging personal injuries resulting from Daily Harvest's "French Lentil + Leek Crumbles" have named Daily Harvest and that the tara flour ingredient caused the alleged injuries. Stone Gate Foods denies any remaining allegations in paragraph 23 of Daily Harvest's Counterclaim.

24. Stone Gate Foods admits that Exhibit 3 is a true and correct copy of an August 4, 2022 letter sent from counsel for Daily Harvest to Stone Gate Foods. Exhibit 3 is a document that speaks for itself and Stone Gate Foods denies the allegations in paragraph 24 of Daily Harvest's counterclaim to the extent that they are inconsistent with that letter.

25. Stone Gate Foods admits that Exhibit 4 is a true and correct copy of an August 18, 2022 letter sent on behalf of Acuity, A Mutual Insurance Company to Daily Harvest. Exhibit 4 is a document that speaks for itself and Stone Gate Foods denies the allegations in paragraph 25 of Daily Harvest's counterclaim to the extent that they are inconsistent with that letter.

26. Stone Gate Foods admits that Exhibit 5 is a true and correct copy of a September 9, 2022 letter sent from Stone Gate Foods' counsel to Daily Harvest. Exhibit 5 is a document that speaks for itself and Stone Gate Foods denies the allegations in paragraph 26 of Daily Harvest's counterclaim to the extent that they are inconsistent with that letter.

27. Stone Gate Foods admits that Exhibit 6 is a true and correct copy of an October 10, 2022 letter sent from Daily Harvest to Acuity, A Mutual Insurance Company. Exhibit 6 is a document that speaks for itself and Stone Gate Foods denies the allegations in paragraph 27 of Daily Harvest's counterclaim to the extent that they are inconsistent with that letter.

28. Stone Gate Foods admits it has not accepted and assumed Daily Harvest's defense. Stone Gate Foods denies all remaining allegations in paragraph 28 of Daily Harvest's Counterclaim.

29. Stone Gate Foods denies the allegations in paragraph 29 of Daily Harvest's Counterclaim.

30. Stone Gate Foods denies the allegations in paragraph 30 of Daily Harvest's Counterclaim.

31. Stone Gate Foods denies the allegations in paragraph 31 of Daily Harvest's Counterclaim.

32. Stone Gate Foods denies the allegations in paragraph 32 of Daily Harvest's Counterclaim.

33. The allegations in paragraph 33 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, those allegations are denied.

**COUNT I**

34. Stone Gate Foods incorporates by reference its responses to paragraphs 1 through 33 of Daily Harvest's Counterclaim as if fully set forth herein.

35. Stone Gate Foods admits the allegations in paragraph 35 of Daily Harvest's Counterclaim.

36. Stone Gate Foods denies the allegations in paragraph 36 of Daily Harvest's Counterclaim.

37. Stone Gate Foods denies the allegations in paragraph 37 of Daily Harvest's Counterclaim.

38. Stone Gate Foods denies the allegations in paragraph 38 of Daily Harvest's Counterclaim.

39. Stone Gate Foods denies the allegations in paragraph 39 of Daily Harvest's

Counterclaim.

40. Stone Gate Foods denies the allegations in paragraph 40 of Daily Harvest's Counterclaim.

41. Stone Gate Foods denies the allegations in paragraph 41 of Daily Harvest's Counterclaim.

42. Stone Gate Foods denies the allegations in paragraph 42 of Daily Harvest's Counterclaim.

43. Stone Gate Foods denies the allegations in paragraph 43 of Daily Harvest's Counterclaim.

## COUNT II

44. Stone Gate Foods incorporates by reference its responses to paragraphs 1 through 43 of Daily Harvest's Counterclaim as if fully set forth herein.

45. Stone Gate Foods admits the allegations in paragraph 45 of Daily Harvest's Counterclaim.

46. Stone Gate Foods denies the allegations in paragraph 46 of Daily Harvest's Counterclaim.

47. Stone Gate Foods denies the allegations in paragraph 47 of Daily Harvest's Counterclaim.

48. Stone Gate Foods denies the allegations in paragraph 48 of Daily Harvest's Counterclaim.

49. Stone Gate Foods denies the allegations in paragraph 49 of Daily Harvest's Counterclaim.

50. Stone Gate Foods denies the allegations in paragraph 50 of Daily Harvest's

Counterclaim.

51. Stone Gate Foods denies the allegations in paragraph 51 of Daily Harvest's Counterclaim.

52. Stone Gate Foods denies the allegations in paragraph 52 of Daily Harvest's Counterclaim.

**COUNT III**

53. Stone Gate Foods incorporates by reference its responses to paragraphs 1 through 52 of Daily Harvest's Counterclaim as if fully set forth herein.

54. Stone Gate Foods denies the allegations in paragraph 54 of Daily Harvest's Counterclaim.

55. Stone Gate Foods denies the allegations in paragraph 55 of Daily Harvest's Counterclaim.

56. Stone Gate Foods denies the allegations in paragraph 56 of Daily Harvest's Counterclaim.

57. Stone Gate Foods denies the allegations in paragraph 57 of Daily Harvest's Counterclaim.

58. Stone Gate Foods denies the allegations in paragraph 58 of Daily Harvest's Counterclaim.

59. Stone Gate Foods denies the allegations in paragraph 59 of Daily Harvest's Counterclaim.

**COUNT IV**

60. Stone Gate Foods incorporates by reference its responses to paragraphs 1 through 59 of Daily Harvest's Counterclaim as if fully set forth herein.

284410822v.2

61. The allegations in paragraph 61 of Daily Harvest's Counterclaim are conclusions of law to which no answer is required. To the extent that an answer is deemed necessary, those allegations are denied.

62. Stone Gate Foods denies the allegations in paragraph 62 of Daily Harvest's Counterclaim.

63. Stone Gate Foods denies the allegations in paragraph 63 of Daily Harvest's Counterclaim.

64. Stone Gate Foods denies the allegations in paragraph 64 of Daily Harvest's Counterclaim.

65. Stone Gate Foods denies the allegations in paragraph 65 of Daily Harvest's Counterclaim.

## COUNT V

66. Stone Gate Foods incorporates by reference its responses to paragraphs 1 through 65 of Daily Harvest's Counterclaim as if fully set forth herein.

67. Stone Gate Foods admits it knew the Product would be sold as food for human consumption. Stone Gate Foods denies any remaining allegations in paragraph 67 of Daily Harvest's Counterclaim.

68. Stone Gate Foods denies the allegations in paragraph 68 of Daily Harvest's Counterclaim.

69. Stone Gate Foods denies the allegations in paragraph 69 of Daily Harvest's Counterclaim.

70. Stone Gate Foods denies the allegations in paragraph 70 of Daily Harvest's Counterclaim.

284410822v.2

71. Stone Gate Foods denies the allegations in paragraph 71 of Daily Harvest's Counterclaim.

72. Stone Gate Foods denies the allegations in paragraph 72 of Daily Harvest's Counterclaim.

## STONE GATE FOODS' AFFIRMATIVE DEFENSES

1. Daily Harvest has failed to plead a claim it is Counterclaim upon which relief may be granted.

2. Stone Gate Foods pleads the Product Supply Agreement as a complete defense to each and every claim brought by Daily Harvest in its Counterclaim.

3. Daily Harvest's Counterclaims against Stone Gate Foods are barred by the doctrines of waiver and estoppel.

4. Daily Harvest's Counterclaims against Stone Gate Foods are barred under Minnesota law as Stone Gate Foods never agreed to indemnify Daily Harvest for its own negligence.

5. Daily Harvest's effort to enforce certain terms of the Product Supply Agreement violates the public policy of the State of Minnesota

6. Daily Harvest's effort to enforce the Product Supply Agreement with respect to the Product at issue is frustrated or barred by the doctrine of impossibility based upon Daily Harvest's own conduct in the investigation and selection of the tara flour ingredient utilized in the Product at issue.

7. Daily Harvest's claims are barred by its own unclean hands.

8. Daily Harvest's warranty claims are barred by its own non-compliance with the terms of any warranty.

9.   Daily Harvest's warranty claims are barred due to the fact that Stone Gate Foods lacked any reasonable basis to know that Daily Harvest's selection of tara flour to be incorporated into the product could by harmful to consumers.

**WHEREFORE**, having fully answered Daily Harvest's Counterclaim, Stone Gate Foods respectfully requests that this Court dismiss Daily Harvest's Counterclaim, enter judgment in Stone Gate Foods favor and any such other and further relief as this Court deems just and equitable.

Dated this 7th day of July, 2023.                Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By:   */s/ John P. Loringer*
John P. Loringer (SBN: 390894)
555 E. Wells Street, Suite 1730
Milwaukee, WI 53202
414.276.8816 (Main)
414.276.8819 (Fax)
John.Loringer@wilsonelser.com

*Attorneys for Plaintiff, Second Bite Foods, Inc. d/b/a Stone Gate Foods*